UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIE MURRAY,

Plaintiff,

-v-

JOSEPH NOETH, et al.,

Defendants.

**DECISION AND ORDER**

6:19-CV-6342 EAW

## INTRODUCTION

*Pro se* plaintiff Willie Murray ("Plaintiff") was an inmate formerly incarcerated at the Attica Correctional Facility ("Attica"). He filed this action seeking relief under 42 U.S.C. § 1983. (Dkt. 1). Plaintiff alleges that his constitutional rights were violated by correctional and medical staff while housed at Attica.

Presently before the Court is a motion for summary judgment filed by defendants Dr. D. Williams ("Williams"), Correction Officer B. Hembrook ("Hembrook"), Superintendent Joseph Noeth ("Noeth"), and Correction Sergeant P. Carroll ("Carroll") (collectively "Moving Defendants"). (Dkt. 41). For the reasons set forth below, the motion for summary judgment is denied.

## BACKGROUND

### I. Factual Background

The following facts are taken from Moving Defendants' statement of undisputed facts (Dkt. 41-1) and the exhibits submitted by the parties. Unless otherwise noted, the facts set forth below are undisputed.

Between February and mid-April 2019, Plaintiff filed 15 grievances and appealed three to the Central Office Review Committee ("CORC"). (Dkt. 41-1 at ¶ 1). Of the three grievances that were appealed to CORC, two were consolidated by the Department of Corrections and Community Supervision ("DOCCS") (Grievances A-74874-19 and A-74947-19) and dealt with allegations that Plaintiff's legal mail was confiscated. (*Id*. at ¶¶ 2-3). Of the Moving Defendants, only Hembrook is mentioned in the latter of those grievances, and namely Plaintiff alleges that on March 14, 2019, Correction Officer T. Foster ("Foster") confiscated legal materials from Plaintiff and provided them to Hembrook for review. (*Id.* at ¶ 3). The third grievance that was appealed to CORC—Grievance A-75196-19—pertained to an allegation of verbal harassment against a non-defendant correction officer. (*Id*. at ¶ 4).

In addition, Plaintiff submitted grievance 74984-19, which alleges that on March 14, 2019, Plaintiff was sexually assaulted and subsequently denied medical attention. (*Id.* at ¶ 5). Plaintiff contends that he was sexually assaulted by Correction Officer Miles Erickson ("Erickson") who placed an object up Plaintiff's rectum. (Dkt. 44 at 9). Pursuant to DOCCS directives established pursuant to the Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30301, *et seq*., this grievance was deemed exhausted when it was filed. (*Id.*).

In grievance 74984-19, Plaintiff did not explicitly allege the failure to intervene on the part of correction staff, nor did he describe any assault other than one instance of sexual assault, nor did he allege that he was improperly subjected to a chemical spray. (*Id.* ¶ 6). Plaintiff subsequently submitted a letter indicating that the alleged sexual assault occurred on March 15, 2019. (*Id.* at ¶ 7). On March 21, 2019, Noeth informed Plaintiff that the "Central Office" had canceled his trip to the outside hospital. (*Id.* at ¶ 8). The grievance and subsequent letter did not allege that Noeth or Williams were involved in the cancellation. (*Id.* at ¶ 9). Plaintiff was seen by a nurse on March 14, 2019, and by Williams on March 15, but the medical records do not document any observed injuries. (*Id.* at ¶ 10). However, neither performed a rectal exam. (*Id.*).

Plaintiff contends that he was harassed by non-defendant Sergeant Guzdek who refused to file various grievances that he submitted. (Dkt. 44 at 4-5, 8).

## II. Procedural Background

Plaintiff commenced the instant action on May 7, 2019, accompanied by a motion for leave to proceed *in forma pauperis*. (Dkt. 1; Dkt. 2). On April 24, 2020, the Court screened the complaint, granted Plaintiff's motion to proceed *in forma pauperis*, and granted him leave to file an amended complaint. (Dkt. 12). On May 6, 2020, the John Doe defendant named in the complaint was identified as Erickson. (Dkt. 13). On June 2, 2020, Plaintiff filed an amended complaint. (Dkt. 14). The Court screened the amended complaint, permitting only claims against Moving Defendants, Erickson, and Foster to proceed. (Dkt. 19). Neither Erickson nor Foster has been served with the summons or amended complaint. (*See* Dkt. 31; Dkt. 46).

On November 29, 2021, the Court issued a Decision and Order that denied without prejudice Plaintiff's motion for the appointment of counsel, denied Moving Defendants' motion for a hearing on the issue of administrative exhaustion, and granted Plaintiff's motion for service on Erickson and Foster. (Dkt. 39).

On December 20, 2021, Moving Defendants filed the instant motion for summary judgment in lieu of an answer (Dkt. 41), and three days later their counsel filed a declaration to authenticate the exhibits submitted in support of the motion (Dkt. 43). Plaintiff filed opposition papers on January 24, 2022 (Dkt. 44), and Moving Defendants filed reply papers on February 10, 2022. (Dkt. 47; Dkt. 48).

## DISCUSSION

### I. Legal Standards

#### A. Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the

party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

**B. Administrative Exhaustion**

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

> To satisfy that requirement, prisoners in New York must ordinarily follow a three-step [DOCCS] grievance process. The first step in that process is the filing of a grievance with the Inmate Grievance Resolution Committee. Next, the inmate may appeal an adverse decision to the prison superintendent. Finally, the inmate may appeal the superintendent's decision

> to [CORC]. In general, it is only upon completion of all three levels of review that a prisoner may seek relief in federal court under § 1983.

*Crenshaw v. Syed*, 686 F. Supp. 2d 234, 236 (W.D.N.Y. 2010) (citations omitted); *see also Tillman v. Phillips*, No. 9:19-CV-1597 (LEK/CFH), 2021 WL 5233308, at *3 (N.D.N.Y. Nov. 10, 2021) ("Courts in [ ]this Circuit have long recognized [DOCCS' three-step] procedure as an 'available' remedy for purposes of the PLRA." (quoting *Hall v. Cnty. of Saratoga*, No. 10-CV-1120 (NAM/CFH), 2013 WL 838284, at *1-2 (N.D.N.Y. Mar. 6, 2013)), *adopted*, No. 9:19-CV-1597 (LEK/CFH), 2021 WL 5768393 (N.D.N.Y. Dec. 6, 2021). "[T]he PLRA requires 'proper exhaustion,' which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 176 (2d Cir. 2006) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones v. Bock*, 549 U.S. 199, 218 (2007). As such, "[t]he exhaustion inquiry . . . requires that [the court] look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009).

"Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011); *see also Ross v. Blake*, 578 U.S. 632, 639 (2016) ("mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."). "However, a prisoner need not specifically plead or demonstrate exhaustion in the complaint because failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading

requirement." *Rucker v. Giffen*, 997 F.3d 88, 92 (2d Cir. 2021) (citations and internal quotation marks omitted).

An exception from the exhaustion requirement exists only if the process is unavailable. As explained by the Court of Appeals for the Second Circuit:

> First, an administrative remedy may be unavailable when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." In other words, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." Third, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Williams v. Priatno*, 829 F.3d 118, 123-24 (2d Cir. 2016) (quoting *Ross*, 578 U.S. at 643-44).

## II. Analysis

To the extent Moving Defendants argue that Plaintiff's grievance concerning the sexual assault did not sufficiently place them on notice of the claims currently pursued by Plaintiff with respect to the denial of medical care (Dkt. 41-4 at 8), the Court disagrees.

A grievance must "contain a concise, specific description of the problem and the action requested." *Amador v. Andrews*, 655 F. 3d 89, 96 (2d Cir. 2011) (citing 7 NYCRR § 701.7(a)(1)(i) (1998) now codified as amended at 7 NYCRR § 705(a)(2)(2021)). Notably, "a review of a prison grievance is 'liberal,' and 'a claim may be exhausted when it is closely related to, but not explicitly mentioned in an exhausted grievance[.]'" *Reynolds v. Stone*, 9:20-CV-00686, 2021 WL 3271805, at *9 (N.D.N.Y. May 4, 2021) (quoting *Blackhawk v. Hughes*, 20-CV-0241, 2021 WL 862257, at *10 (N.D.N.Y. Jan. 19, 2021)

(internal quotations omitted), *adopted*, 2021 WL 752838 (N.D.N.Y. Feb. 26, 2021)), *adopted*, 2021 WL 3269053 (N.D.N.Y. July 30, 2021). Although "[i]t is 'appropriate to afford *pro se* inmates a liberal grievance pleading standard, the grievance may not be so vague as to preclude prison officials from taking appropriate measures to resolve the complaint internally.'" *Id.* (citing *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006)).

Plaintiff submitted a grievance, numbered 74984-19, related to both the alleged sexual assault and the alleged denial of medical care, which Moving Defendants appear to have submitted along with their motion. (Dkt. 41-3 at 52). The purported grievance alleges that Plaintiff was sexually assaulted on March 14, 2019, and was subsequently "denied medical attention." (*Id.*). Plaintiff requested removal from the facility and medical attention. (*Id.*).

The Court notes that although Plaintiff does not name Williams or Noeth in the grievance at issue, this is not required. "[A] New York state prisoner is not required to name responsible parties in a grievance in order to exhaust administrative remedies." *Espinal*, 558 F.3d at 125. The Court looks to "the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Id.* at 124. Addressing whether an inmate must specifically name a defendant in a grievance for exhaustion purposes, the Second Circuit determined that the relevant regulation governing the Inmate Grievance Procedure in effect from 1999 to 2000 did not require that a grievance specifically name an official in order to later bring suit against that official in federal court. *Id.* at 125 (citing 7 N.Y. Comp. Codes R. & Regs ("NYCRR") § 701.1 *et seq.*). The regulation at issue in that case was superseded in 2006. *Id.* Because there are only "minor

differences" between the provision at issue in *Espinal* and the provision now in effect, the Second Circuit's analysis in that case "is equally applicable" to the regulation that went into effect into 2006. *Id.* The relevant section governing the contents of a grievance has not changed since it went into effect in 2006. *Compare* 7 NYCRR § 701.5(a)(2) (2006) *with* 7 NYCRR § 701.5(a)(2) (2021). Accordingly, an inmate need not specifically name a defendant in a grievance for the purpose of administrative exhaustion under the regulations currently in effect.

The Court acknowledges that Plaintiff's letter submitted in connection with the OSI investigation contained a date differing from that stated in grievance 74984-19 and that the letter did not mention Williams. The Court similarly acknowledges the argument by Moving Defendants that because OSI's investigation into the grievance determined that Dr. Morley, located in DOCCS headquarters in Albany, NY, canceled Plaintiff's trip to an outside hospital, grievance 74984-19 was not understood as asserting claims against Noeth or Williams. (Dkt. 47-1 at 6).

However, these points raise issues of fact that cannot be resolved at this stage of the proceedings, and to the extent that any ambiguity remains as to whether Plaintiff's grievance provided sufficient notice to the facility of his claims, "the Court must view all facts 'in the light most favorable' to the non-moving party and resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Madelaine Chocolate Novelties v. Great N. Ins. Co.*, 399 F. Supp. 3d 3, 8 (E.D.N.Y. 2019) (citing *Tolan v. Cotton*, 572 U.S. 650, 660-61 (2014)).

With respect to those claims where Plaintiff concedes that he did not exhaust his grievance by filing an appeal with CORC (Dkt. 44 at 1-5), Plaintiff contends that administrative remedies were not available to him. Plaintiff argues that Guzdek failed to file the grievances Plaintiff submitted and Guzdek, along with other officers, harassed Plaintiff in retaliation for filing grievances. (*Id.* at 1-2). Moving Defendants argue that Plaintiff's continued filing of grievances belies Plaintiff's claim that he feared reprisal for filing grievances. (Dkt. 47 at 1-3).

The Second Circuit has instructed that a "generalized fear of retaliation [] is insufficient as a matter of law to support a finding that the grievance process was unavailable in order to overcome her failure to exhaust administrative remedies under the PLRA." *Lucente v. Cnty. Of Suffolk*, 980 F.3d 284, 312 (2d Cir. 2020) (affirming summary judgment where plaintiff argued remedies were unavailable based on generalized fear and learning of beating of another inmate). Even if an inmate alleges more than a generalized fear of reprisal, when an inmate continuously files grievances notwithstanding ongoing alleged harassment or retaliation, courts have been reluctant to find that administrative remedies were unavailable. *See Aikens v. Jones*, No. 12 CIV. 1023 PGG, 2015 WL 1262158, at *6 (S.D.N.Y. Mar. 19, 2015) (collecting cases). However, Plaintiff has not solely alleged a generalized fear of reprisal in this case. He has also asserted that Guzdek refused to file his grievances and appeals. While Moving Defendants have cited to a number of cases in which courts have found that an inmate must support a claim that his grievance was lost or destroyed with evidence (*see* Dkt. 47-1 at 3-4), those cases were

either not decided in the context of a motion for summary judgment filed in lieu an answer, or involved allegations far more general than those at issue here.

Again, at this stage of the proceedings and with no discovery having been conducted, it would not be appropriate to resolve this issue just based on the papers. "Indeed, '[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.'" *Irving v. Philips*, No. 15-CV-6413-FPG, 2017 WL 85427, at *1 (W.D.N.Y. Jan. 10, 2017) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)). Thus, the Court concludes that Plaintiff's contentions that he did not exhaust because the remedies were not available to him cannot be resolved on summary judgment at this juncture.

**CONCLUSION**

For the foregoing reasons, Moving Defendants motion for summary judgment (Dkt. 41) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED: September 26, 2022
Rochester, New York