UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIE MURRAY,

                        Plaintiff,

      v.

JOSEPH NOETH, Superintendent, et al.,

                        Defendants.

<u>SCHEDULING ORDER</u>

19-CV-6342EAW

---

        Pursuant to Fed. R. Civ. P. 16(b), it is ordered as follows:

        1.     Not later than **June 2, 2023**, defendants shall provide to plaintiff the names of all persons who were present at, witnessed, or investigated the events from which the plaintiff's claims arose. Defendants shall also provide to plaintiff copies of any documents prepared by any employee of the State of New York, including the Inspector General, in connection with the events from which the plaintiff's claims arose including, but not limited to, the following:

> Incident reports, intra departmental memoranda, use of force reports, photographs, videotapes, witness statements, misbehavior reports, medical treatment records (if release is properly authorized), and transcripts of disciplinary hearings.

If counsel for one or more defendants in good faith believes that production of any of the required documents may disrupt or interfere with prison discipline or procedures, such documents may be produced only to the Court. Furthermore, the defendants and their counsel

may redact documents produced to protect the identity of confidential informants, but unredacted copies shall be retained for production to the Court upon request.

       2.       All motions to join other parties or to amend pleadings shall be filed by **July 5, 2023**.

       3.       Any deposition of plaintiff by defendants must be completed by **October 5, 2023**.

       4.       All discovery in this case shall conclude on **October 5, 2023**. All motions to compel discovery shall be made returnable on or before **October 5, 2023**.

       5.       Plaintiff shall identify any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide reports pursuant to Rule 26(a)(2)(B) and/or disclosures pursuant to Rule 26(a)(2)(C) by **November 6, 2023**. Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **December 5, 2023**. Parties shall complete all discovery relating to experts, including depositions, by **January 5, 2024**.

       6.       All dispositive motions shall be filed no later than **March 5, 2024**. **<u>NOTE</u>: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

       7.       Responding papers are due by **April 5, 2024**. Reply papers, if any, shall be filed by **April 19, 2024**. The motion will be taken under advisement without oral argument.

       8.       If no dispositive motions are filed, defense counsel shall notify the Court in writing on or before the dispositive motion deadline date.

9. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

10. **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate.**

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                               United States Magistrate Judge

Dated: Rochester, New York
        May 2, 2023

## *PRO SE* NOTICE

  Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion.  THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rules 56(c) and (e) of the Federal Rules of Civil Procedure.  An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.

  In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint.  Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial.  Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits.  Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.

  Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant.  If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true.  Judgment may then be entered in defendant's favor without a trial.

  Pursuant to Rules 7(a) and 56(a) of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence.  In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted.  A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.

  If plaintiff has any questions, he/she may direct them to the Pro Se Office.

  Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 7(b) of the Local Rules of Civil Procedure for the Western District of New York.