UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE MURRAY,

        Plaintiff,

  -v-

JOSEPH NOETH, et al.,

        Defendants.
_____

**DECISION AND ORDER**

6:19-CV-6342 EAW

## **INTRODUCTION**

*Pro se* plaintiff Willie Murray ("Plaintiff") was an inmate formerly incarcerated at the Attica Correctional Facility ("Attica"). He filed this action seeking relief under 42 U.S.C. § 1983. (Dkt. 1). Plaintiff alleges that his constitutional rights were violated by correctional and medical staff while housed at Attica.

Presently before the Court is a motion for sanctions filed by defendants Dr. D. Williams ("Williams"), Correction Officer B. Hembrook ("Hembrook"), Superintendent Joseph Noeth ("Noeth"), and Correction Sergeant P. Carroll ("Carroll") (collectively "Defendants"), seeking dismissal of Plaintiff's complaint pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Dkt. 52). For the reasons set forth below, the motion for sanctions is denied.

## BACKGROUND

**I.     Factual Background**

The relevant facts are fully described in more detail in previous Decisions and Orders, with which familiarity is assumed, and they will not be repeated at length here. (Dkt. 12; Dkt. 19; Dkt. 50).

In sum, Plaintiff alleges that on February 28, 2019, Noeth authorized corrections officers to search Plaintiff's cell and confiscate all of his business, financial, and legal documents. (Dkt. 14 at 6-7). Plaintiff's handwritten "Replevin" motion was intercepted and Noeth was notified that Plaintiff was "preparing to sue him." (*Id.* at 7). Noeth then directed corrections officers to re-search Plaintiff's cell and confiscate all legal documents pertaining to the replevin action, preventing Plaintiff from filing it. (*Id.*).

On the same day, Noeth also authorized corrections officers to forcibly remove Plaintiff from his cell for a failure to return his food tray. (*Id.* at 5, 8). Plaintiff was sprayed with chemical agents and denied decontamination and a shower. (*Id.* at 8-9). He also was forced to undergo a painful and invasive strip search and despite Plaintiff's screams for help, officers stood by without coming to his assistance. (*Id.* at 9).

After the assault, Plaintiff was placed in a soiled cell and denied a mattress, pillow, water, and a flushing toilet. (*Id.* at 9, 11). The next day, Plaintiff was taken to the medical clinic after he complained to special housing unit officials about the sexual assault and excessive force. (*Id.* at 10). Although an order was issued for Plaintiff to be taken to an outside hospital for examination, Attica officials, including Noeth, ignored the recommendation and placed Plaintiff back in his cell without further medical care. (*Id.*).

Plaintiff's "sick call slips" went unanswered by the medical staff. (*Id.*). Plaintiff suffered excessive pain, blood discharge and rectal pain "for months," permanent damage to his left knee, temporary blindness in his left eye, anxiety, depression, and post-traumatic stress disorder arising from these incidents. (*Id.* at 11).

## II.     Procedural Background

Plaintiff commenced the instant action on May 7, 2019, accompanied by a motion for leave to proceed *in forma pauperis*. (Dkt. 1; Dkt. 2). On April 24, 2020, the Court screened the complaint, granted Plaintiff's motion to proceed *in forma pauperis*, and granted him leave to file an amended complaint. (Dkt. 12). On June 2, 2020, Plaintiff filed an amended complaint. (Dkt. 14).

On December 20, 2021, Defendants filed a motion for summary judgment in lieu of an answer. (Dkt. 41). On September 26, 2022, the Court denied the motion for summary judgment (Dkt. 50), and on October 21, 2022, Defendants filed their answer (Dkt. 55).

On October 12, 2022, Defendants filed the instant motion for sanctions. (Dkt. 52). A scheduling order was issued directing Plaintiff to submit any papers in opposition to the motion by November 11, 2022, and expressly advising Plaintiff that the claims asserted in his amended complaint may be dismissed if he did not respond to the motion. (Dkt. 53). Plaintiff did not file a response.

## **DISCUSSION**

Relying on Rule 11 of the Federal Rules of Civil Procedure, Defendants move to dismiss Plaintiff's complaint on the grounds that Plaintiff made material misrepresentations in his complaint and amended complaint. Specifically, Defendants note that in his initial complaint and again in his amended complaint, Plaintiff affirmed under penalty of perjury that he had not filed any prior federal lawsuits relating to his imprisonment. (Dkt. 1 at 4, 19; Dkt. 14 at 4, 12). In addition, in his complaint and amended complaint, Plaintiff asserted under penalty of perjury that he had not filed any other lawsuits in state or federal court relating to the matters alleged in the instant lawsuit. (Dkt. 1 at 3; Dkt. 14 at 2). Defendants argue that these statements were untrue. As evidence, Defendants attach as exhibits to the motion docket sheets from two prior federal actions filed by Plaintiff which constituted "strikes" pursuant to 28 U.S.C. § 1915(g),[1] as well as one other federal action, and two federal appeals of those actions. (Dkt. 51 at 8-19). In addition, Defendants submitted a copy of Plaintiff's complaint in a New York State Court

---

[1]   As set forth in 28 U.S.C. § 1915(g), the "three strikes" provision prevents prisoners from proceeding *in forma pauperis* if they have brought three or more lawsuits that have been dismissed as frivolous or for failure to state a claim:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

of Claims action that contains allegations arising from the same facts as those alleged in this matter. (*Id.* at 21-25).

> With respect to representations to the Court, Rule 11 provides:
>
> (b) By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Under Rule 11(c), a court has the authority to sanction a party "if it determines that the party has made false, misleading, improper, or frivolous representations to the court in violation of Rule 11(b)." *Hardie v. City of Albany*, No. 118CV470(GLS/CFH), 2019 WL 5537610, at *3 (N.D.N.Y. Oct. 25, 2019). "When deciding whether to grant Rule 11 sanctions, the Court applies an objective standard of reasonableness, and looks to, among other factors, whether the party acted in bad faith; whether they relied on a direct falsehood; and whether the claim was utterly lacking in support." *Benitez v. King*, 298 F. Supp. 3d 530, 539 (W.D.N.Y. 2018) (quoting *Grayson v. Ressler & Ressler*, 271 F.Supp.3d 501, 526 (S.D.N.Y. 2017)). A determination as to whether Rule 11 sanctions are warranted is within the Court's discretion. *See Perez v.*

*Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004) ("Even if the district court concludes that the assertion [of a motion] violates Rule 11, however, the decision whether or not to impose sanctions is a matter for the court's discretion.").

Rule 11 provides that a motion for sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." *See* Fed. R. Civ. P. 11(c)(2); *see also Intravaia ex rel. Intravaia v. Rocky Point Union Free Sch. Dist.*, No. 12-CV-0642 DRH AKT, 2014 WL 7338849, at *6 (E.D.N.Y. Dec. 22, 2014) (stating that "service of a separate motion for sanctions" is necessary to comply with Rule 11's safe harbor provision). Further, any such motion "must be served on the offending party twenty-one days before it is filed with the court." *Rogers v. Henry*, No. 16-CV-05271 (KAM)(VMS), 2017 WL 5495805, at *4 (E.D.N.Y. Sept. 12, 2017) (citing Fed. R. Civ. P. 11(c)(2)); *see also Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012) (Rule 11 requires service of the motion but "does not require the service of a memorandum of law or affidavits, nor does it use the words 'formal fully supported motion'" (quoting Rule 11(c)(2)). "Any motion seeking Rule 11 sanctions that does not comply with these provisions must be denied." *Intravaia*, 2014 WL 7338849, at *3.

Defendants have complied with the procedural requirements of the Rule. Specifically, on August 31, 2021, Defendants sent a letter to Plaintiff that provided:

> In your pleadings in the above-referenced matter, you informed the Court that you have not begun any other matters in federal court or any other matters, whether in state or federal court, involving the same facts as this case. In reality, you have filed numerous other federal cases and filed a case against New York State alleging the exact same facts as this case.

> These representations are thus both untrue, and constitute a material misstatement under Rule 11 of the Federal Rules of Civil Procedure. Please withdraw these filings within the next 21 days or I will file a motion for sanctions which will seek penalties up to and including dismissal of this matter. Attached please find the Notice of Motion which will be filed if you fail to comply with this request.

(Dkt. 51 at 5). As indicated, enclosed with the letter was a notice of motion seeking dismissal of the action as a sanction for Plaintiff's material misstatement to the Court in violation of Rule 11. (*Id.* at 6).

Here, the representations at issue were undoubtedly material. "The details of a plaintiff's litigation history is particularly material in civil rights actions brought by prisoners." *Gutierrez v. Annucci*, No. 21CV00699-RJA-JJM, 2023 WL 2851713, at *3 (W.D.N.Y. Feb. 21, 2023) (quoting *Flemming v. Santamore*, No. 9:15-CV-29 (DNH/CFH), 2015 WL 6394560 at *5)), *report and recommendation adopted*, No. 21-CV-699-A, 2023 WL 2607300 (W.D.N.Y. Mar. 23, 2023). "Generally, such information [relating to litigation history] is material in prisoner civil rights actions since it enables the Court to determine one or more of the following issues: (1) whether any of the issues in the action have been previously litigated and decided (for purposes of the doctrines of res judicata and collateral estoppel); (2) whether the plaintiff had, prior to being granted in forma pauperis status in this action, earned "three strikes" for purposes of 28 U.S.C. § 1915(g); (3) whether the plaintiff had a record of frivolous litigation sufficient to warrant a "bar order" (i.e., an order barring him from litigating further in that court without meeting certain preconditions) pursuant to 28 U.S.C. § 1651(a); and (4) whether the plaintiff's litigation experience was so extraordinary that it effectively dispenses with the need to

afford him special solicitude." *Crum v. Dodrill*, 562 F. Supp. 2d 366, 383 (N.D.N.Y. 2008); *see also Gutierrez*, 2023 WL 2851713, at *3 ("An inmate plaintiff's litigation history serves other important purposes, including allowing the court to determine 'whether any of the issues in the action have been previously litigated and decided (for purposes of the doctrines of res judicata and collateral estoppel)' and 'whether the plaintiff's litigation experience was so extraordinary that it effectively dispenses with the need to afford him special solicitude.'" (quoting *Flemming*, 2015 WL 6394560, at *5)). A misrepresentation regarding a plaintiff's previous litigation history can warrant dismissal. *See Sheils v. Jordan*, No. 10-CV-6516L, 2014 WL 1600445, at *2 (W.D.N.Y. Apr. 21, 2014) ("Such a failure to disclose prior litigation history, especially by such an obviously practiced (if unsuccessful) litigant, 'is an inexcusable misrepresentation to the Court' warranting dismissal under Rule 11 of the Federal Rules of Civil Procedure.'" (quoting *Bell v. Lasaceli*, No. 08-CV-0278, 2009 WL 1032857, at *4 (W.D.N.Y. Apr. 15, 2009)); *Bell*, 2009 WL 1032857, at *4 ("Because Plaintiff has repeatedly misrepresented his litigation history to the Court—a significant one at that—the Court finds that he has violated Fed. R. Civ. P. 11 and, therefore, this action will be dismissed, in the alternative, on that basis.").

Here too, by not opposing Defendants' motion, notwithstanding an express warning from the Court of the potential consequences of failing to respond, Plaintiff risked dismissal of his claims. *See Irving v. Furtik*, No. 3:20-CV-1110 (CSH), 2023 WL 2770685, at *4 (D. Conn. Apr. 4, 2023) ("Despite the usual solicitude granted to *pro se* litigants, 'dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate as long as a warning has been given that noncompliance can result in dismissal.'" (quoting *Martin*

- 8 -

*v. Santopietro*, No. 3:19-CV-00098 (KAD), 2020 WL 3843684, at *1 (D. Conn. July 8, 2020)); *Cuthbert v. Town of E. Hampton New York*, No. 18-CV-4796(JS)(AYS), 2021 WL 66289, at *5 (E.D.N.Y. Jan. 6, 2021) (holding that plaintiff's failure to oppose dismissal of his claims deemed them abandoned, noting that plaintiff's "*pro se* status does not shield him from such a result"); *Baisheng Chen v. Wolf*, No. 19-CV-9951 (AJN), 2020 WL 6825681, at *6 (S.D.N.Y. Nov. 20, 2020) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (quoting *Lipton v. Cty. of Orange*, NY, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004)).

However, not addressed in Defendants' motion and relevant to the matters before the Court is the fact that on September 20, 2021—long before any motion for sanctions was filed—Plaintiff wrote a letter and motion for the appointment of counsel which specifically addressed these inaccuracies in his pleadings. (Dkt. 36). In this filing, Plaintiff acknowledges the errors in his responses to the questions about whether he has filed other actions in state or federal court and asks the Court to "let the Record Reflect" that those answers should have been "yes." (*Id.* at 1, 3).

Accordingly, while the Court agrees with Defendants that Plaintiff made material misrepresentations in his pleadings, Plaintiff's September 20, 2021 submission is an acknowledgement of those errors and effectively corrects the record concerning Plaintiff's prior state and federal litigation history. As a result, the sanction of dismissal would be harsh under these circumstances. *Anderson v. Nolan*, No. 16-CV-6155-FPG, 2018 WL 3126709, at *3 (W.D.N.Y. June 26, 2018) ("While Rule 11 is applicable to *pro se* litigants,

the imposition of sanctions for a Rule 11 violation remains within the Court's discretion, and the Second Circuit has reiterated that 'a Rule 11 dismissal is drastic-the harshest sanction and penalty available to the district court-and should be imposed "only in extreme circumstances."'" (quoting *Benitez*, 298 F. Supp. 3d at 543-44)); *Benitez*, 298 F. Supp. 3d at 539 ("However, where a *pro se* litigant is alleged to have run afoul of Rule 11, courts generally apply a more lenient standard than would be applicable where a party is represented by learned counsel." (quoting *Sachs v. Matano*, No. CV 15-6049 (JFB) (AKT), 2016 WL 4179792, at *7 (E.D.N.Y. July 15, 2016)).  As a result, the motion for sanctions seeking dismissal of this action is denied.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion (Dkt. 52) for Rule 11 sanctions is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED:   August 7, 2023
         Rochester, New York