UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE MURRAY,

                              Plaintiff,

        v.

JOSEPH NOETH, et al.,

                              Defendants.
_____

DECISION & ORDER

19-CV-6342EAW

On May 7, 2019, *pro se* plaintiff Willie Murray commenced this action against the defendants pursuant to 42 U.S.C. § 1983, alleging claims for denial of access to the courts, excessive force, failure to protect, conditions of confinement, and denial of medical care. (Docket ## 1, 12, 14, 19). Plaintiff was granted leave to proceed *in forma pauperis* and subsequently filed an amended complaint. (Docket ## 12, 14). Currently pending before the Court are plaintiff's motions for appointment of counsel. (Docket ## 79, 88). For the reasons discussed below, his motions are denied.

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

>   2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
>   3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
>   4. Whether the legal issues involved are complex; and
>
>   5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Plaintiff has not done so at this stage. Moreover, although

plaintiff maintains that he requires the assistance of counsel to assist him to litigate this case, the legal issues in this case do not appear to be complex.  Plaintiff has filed a complaint and an amended complaint (Docket ## 1, 14), written numerous letters to the Court seeking assistance (Docket ## 3, 5, 6, 7, 8, 10, 15, 16, 17, 21, 35, 36, 38, 45, 49, 71, 80), filed several motions seeking a variety of relief, including IFP status, appointment of counsel, assistance with service, entry of default, extensions of deadlines, orders to compel discovery, and sanctions (Docket ## 9, 18, 32, 36, 37, 72, 79, 88, 89, 90), and opposed motions filed by defendants, including motions for a hearing and for summary judgment (Docket ## 30, 44), demonstrating his ability to litigate on his own behalf and to seek court intervention when he believes it is warranted.  Finally, plaintiff's case does not present any other special reasons justifying the assignment of counsel.

On this record, plaintiff's requests for the appointment of counsel **(Docket ## 79, 88)** are **DENIED without prejudice** at this time.  It is plaintiff's responsibility to hire an attorney or continue with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
        November 8, 2023