UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE MURRAY,

                          Plaintiff,

      v.

JOSEPH NOETH,
*Superintendent*, *et al.*,

                          Defendants.
_____

**DECISION AND ORDER**

6:19-CV-06342 EAW CDH

## INTRODUCTION

      Plaintiff Willie Murray ("Plaintiff"), an inmate housed in the Metropolitan Detention Center, Brooklyn ("MDC Brooklyn"), has asserted various claims pursuant to 42 U.S.C. § 1983 against defendants Joseph Noeth ("Noeth"), P. Carroll ("Carroll"), C.O. Miles Erickson ("Erickson"), Timothy Foster ("Foster"), B. Hembrook ("Hembrook"), and D. Williams ("Williams") (collectively "Defendants") regarding events that occurred while Plaintiff was in incarcerated at the Attica Correctional Facility. (Dkt. 14). The following claims remain pending: (1) denial of access to the courts against Hembrook and Foster, (2) excessive force for the forcible removal of Plaintiff from his cell against Carroll, Erickson, and Noeth, (3) excessive force based on a forcible strip search and alleged sexual assault against Erickson, (4) failure to intervene based on a forcible strip search and alleged sexual assault against Carroll, (5) unconstitutional conditions of confinement against Noeth, Erickson, and Carroll, and (6) denial of medical care against Williams. (Dkt. 14; *see* Dkt. 125 at 4-5, 19).

Currently pending before the Court is Plaintiff's motion to appoint counsel (Dkt. 129). For the reasons set forth below, Plaintiff's motion is granted.

## BACKGROUND

This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (*See* Dkt. 56; Dkt. 121).

The Court assumes the parties' familiarity with the factual and procedural background of this matter for purposes of this Decision and Order. The facts and procedure salient to the instant motion are summarized below.

On May 24, 2021, Defendants filed a motion for a hearing regarding exhaustion of administrative remedies in lieu of an answer, arguing "there [wa]s strong evidence that Plaintiff did not exhaust administrative remedies regarding his allegations against [certain] Defendants." (Dkt. 25-2 at 1). Chief United States District Judge Elizabeth A. Wolford denied Defendants' motion for a hearing, holding that "Defendants ha[d] not justified departing from the normal procedure to warrant conducting a hearing on the exhaustion issue prior to the filing of an answer." (Dkt. 39 at 2). On December 20, 2021, Defendants filed a motion for summary judgment in lieu of an answer (Dkt. 41), which Chief Judge Wolford denied (Dkt. 50). Defendants subsequently answered the amended complaint. (Dkt. 55; Dkt. 59; Dkt. 68).

Magistrate Judge Marian W. Payson, to whom the matter was then referred, entered a Scheduling Order pursuant to which fact discovery closed on November 13, 2023. (Dkt. 87 at ¶ 2). Judge Payson subsequently issued a Scheduling Order setting a March 26, 2024 deadline for the parties to file dispositive motions. (Dkt. 96 at ¶ 1).

On the dispositive motion deadline, Defendants filed a second motion for summary judgment. (Dkt. 99). On March 27, 2025, Chief Judge Wolford issued a Decision and Order on that motion, granting it in part but declining to grant summary judgment on the claims identified above. (Dkt. 125 at 1). Chief Judge Wolford's Decision and Order was based in part on Defendants' failure to properly authenticate the evidence on which they relied. (*See id.* at 9-11).

On April 1, 2025, Defendants filed a motion (1) for a hearing on the issue of exhaustion of administrative remedies (Dkt. 126 at 1) and (2) for permission to "refile th[eir] motion for summary judgment with certifications as to the admissibility of any documents appended[.]" (Dkt. 126-1 at 2). That motion is currently pending before Chief Judge Wolford.

On July 30, 2025, Plaintiff filed the instant motion for appointment of counsel. (Dkt. 129). Plaintiff argues appointment of counsel is warranted on the grounds that (1) his claims are of substance, (2) his claims survived Defendants' motions for a hearing and for summary judgment, (3) he is having difficulty litigating his case due to a lack of legal experience, access to a law library, printer and copy machine, and lockdowns at MDC Brooklyn, and (4) he suffers from various mental health conditions that make it "hard for [him] to concentrate on one topic for to[o] long[.]" (Dkt. 129 at 5). Defendants have not filed a response, and their time for doing so has expired pursuant to Local Rule of Civil Procedure 7(b)(2)(B).[1]

---

[1] During the pendency of this case, Plaintiff has filed six motions for appointed counsel, all of which have been denied. (*See, e.g.*, Dkt. 9; Dkt. 12 at 2; Dkt. 18; Dkt.

## DISCUSSION

I. **Legal Standard**

Parties have no right to appointed counsel in civil cases, unlike in a criminal matter. *See Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). The Court nevertheless has the discretion to appoint counsel to assist an indigent litigant pursuant to 28 U.S.C. § 1915(e). *See Sears, Roebuck and Co. v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In exercising its discretion, the Court must consider carefully whether appointment of counsel is warranted in a particular civil matter, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

When deciding whether to grant a motion to appoint counsel in a civil case, courts in this Circuit consider various factors, including: (1) whether the claims seem likely to be of substance; (2) whether the litigant can investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see Hodge v. Police Officers*,

---

19 at 1; Dkt. 36; Dkt. 39 at 3; Dkt. 79; Dkt. 88; Dkt. 93 at 1; Dkt. 106; Dkt. 117*; see also* Dkt. 129 at 6).

802 F.2d 58, 61-62 (2d Cir. 1986). "Only after an initial finding that a claim is likely one of substance, will [a court] consider secondary factors[.]" *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citation omitted).

## II.  Plaintiff's Motion for Appointment of Counsel

The Court finds the threshold requirement that Plaintiff's claims are likely to be of substance satisfied, given that the remaining claims have survived Defendants' pre-answer motion for an exhaustion hearing and two motions for summary judgment. *See Shivers v. McGee*, No. 22-CV-720 (JLS) (HKS), 2024 WL 3938547, at *1 (W.D.N.Y. Aug. 26, 2024) ("[I]n light of the procedural posture of this case—in particular, that the case will proceed to discovery and possible . . . trial—the Court grants Plaintiff's motion to appoint counsel . . . in this case going forward.").

While Defendants' pending motion for a hearing and to file a further motion for summary judgment may impact the viability of some of Plaintiff's claims, others are on track for trial regardless of the outcome of that motion. In particular, Defendants acknowledge that "[t]he Court has already indicated that several of Plaintiff's claims – including the alleged sexual assault and denial of access to the Courts – would be permitted to go forward even if [Defendants'] documents . . . had been deemed certified and admissible[.]" (Dkt. 126-1 at 2; *see also* Dkt. 125 at 15 (denying summary judgment on Plaintiff's third claim because Defendants relied solely on inadmissible video evidence, but noting that "even if the video evidence could be considered, it is not at all clear as to the events that occurred during the alleged sexual assault.")). Thus, the Court considers the other applicable factors.

Regarding the second factor, Plaintiff has displayed some ability to investigate facts critical to his case. During this ligation, Plaintiff successfully filed a complaint (Dkt. 1) and amended complaint (Dkt. 14), as well as letters, motions, and requests to extend deadlines (*see, e.g.,* Dkt. 93 at 3; Dkt. 103; Dkt. 106; Dkt. 107; Dkt. 109; Dkt. 112; Dkt. 114; Dkt. 118). After filing the instant motion, Plaintiff filed two additional letters seeking information about this case from the Court. (Dkt. 130; Dkt. 131). Plaintiff also has not substantiated his claim that he lacks access to "the law library, typewriter, copy machine, [and] printer[.]" (Dkt. 129 at 5).[2]

But on the other hand, Plaintiff represents that he suffers from various mental health conditions, including "PTSD, depression, physcoses[sic], [and] anxiety" that make it "hard for [him] to concentrate on one topic for to[o] long." (*Id.*). Plaintiff's difficulties with concentration cause the Court concern regarding his ability to litigate during the trial stage of this case. Indeed, the Court notes that it took Plaintiff almost a year to file a response to Defendants' second motion for summary judgment, and that he missed the deadline set by the Court despite having been granted multiple extensions. (*See* Dkt. 104; Dkt. 108; Dkt. 111; Dkt. 113; Dkt. 116; Dkt. 119; Dkt. 123). On the whole, this factor is neutral as to the appointment of counsel.[3]

---

[2]   The Court notes that Plaintiff should direct any requests regarding the alleged challenges he is facing in his "criminal case . . . 24 Cr. 72 (KPF)" (Dkt. 129 at 5) to the appropriate court and judge. That matter is not pending in this District.

[3]   Plaintiff also argues that he requires appointed counsel to "properly prepare d[e]positions [and] interrogatories" (Dkt. 129 at 4), but the Court reminds him that "all outstanding discovery motions have . . . been resolved by the Court" (Dkt. 117) and the deadlines to complete fact discovery, compel discovery, and to file dispositive motions have expired (*see* Dkt. 87 at ¶ 2; Dkt. 96 at ¶ 1).

Regarding the third factor, this case involves "conflicting evidence implicating the need for cross-examination," such as evidence regarding the alleged sexual assault of Plaintiff at Attica. *Marshall v. Annucci*, No. 15-CV-6707-DGL-MJP, 2021 WL 1975401, at *2 (W.D.N.Y. May 18, 2021); (*see also* Dkt. 125 at 15). Thus, this factor weighs in favor of the appointment of counsel.

As for the fourth factor, although Plaintiff's claims are numerous, the legal issues are not overly complex. This factor accordingly weighs against appointment of counsel.

As for the fifth factor, the Court notes that Plaintiff's mental health issues may constitute a special reason "why the appointment of counsel would increase the likelihood of a just determination in this case[.]" *Hardy v. Gerena*, No. 07 CIV. 2901 BSJ/DF, 2009 WL 928313, at *3 (S.D.N.Y. Apr. 3, 2009) (considering the plaintiff's mental disability as one potential "special reason," but ultimately concluding that the plaintiff had not adequately explained how his disability "would limit his ability to develop and present his case"). Plaintiff has offered an explanation for how his mental health issues impair his ability to litigate on his own behalf, and the history of this case is consistent with that explanation. This factor weighs in favor of appointment of counsel.

On balance, the Court determines that the relevant factors weigh in favor of appointing counsel for Plaintiff moving forward. The Court will make a full scope appointment pursuant to Local Rule of Civil Procedure 83.8(e)(1). *See Medina v. Angrignon*, No. 15-CV-0427-RJA, 2021 WL 2323283, at *2 (W.D.N.Y. May 25, 2021).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to appoint counsel (Dkt. 129) is granted. The Court requests that the Pro Bono Program Administrator begin the process of appointing pro bono counsel.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         December 16, 2025